FILED '21 1201 PM05:36 MDGA-MAC

1.
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
UNITED STATES COURTHOUSE
475 MULBERRY STREET
MACON, GEORGIA 31201

UNITED STATES OF AMERICA,
      Plaintiff.

V.
                                        CASE NO. 5:18-CR-00002-009

KIMSEING LE,
      Defendant.

MOTION REQUESTING A JUDICIAL RECOMMENDATION CONCERNING
LENGTH OF RESIDENTIAL RE-ENTRY CENTER PLACEMENT
PURSUANT TO THE SECOND CHANCE ACT OF 2007

To the Honorable Judge Marc T. Treadwell,

Comes now the Defendant, Kimseing Le, Movant PRO SE, before this Honorable Court, respectfully requesting pursuant to the Second Chance Act of 2007, that you recommend the Bureau of Prisons to provide me with additional time in the Residential Re-entry Center so that I can properly reacclimate back into law-abiding society and have an opportunity to rebuild my life, so that I can go on and be a productive member of my community.

This Honorable Court sentenced me on August 14, 2019 to a term of 121 months of imprisonment, to be followed by 3 years of supervised release, for the offense of U.S.C. 21:846 I/C/W 21:841 (A) (1) And 841 (B) (1) (C) Conspiracy to Distribute Methamphetamine, as detailed in docket number 5:18-CR-00002-009. I am currently serving out my sentence at the minimum security federal prison camp located in Yazoo City, Mississippi.

I have the lowest custody classification (Minimum Out Custody), and have been a role-model inmate while incarcerated and have demonstrated exemplary behavior and have completed numerous ameliorating classes for Re-Entry, including the following evidence based recidivism reducing courses as outlined in the First Step Act; Cognitive Behavioral Therapy for Gambling, Parenting, enrolled and earning my General Equivalency Diploma, Math, Introduction to Business, Domestic

Violence. I am currently enrolled in several other Release Preparation Programs here at the camp which were suspended due to COVID-19: Rational Self-Analysis & five other cognitive based therapy courses. When educational courses resume, I am also enrolled in five additional courses including Victim Impact, Start Now (Part 3) and Business Law, Business Finance and Investments. Additionally, I have attended the United States Probation seminar that discuss topics along with the AUSA regarding DRUGS, as well as participating in several 12 step, self-help, self-improvement courses such as Narcotics Anonymous and Alcoholics Anonymous every week (Wednesday's at 12pm). I have also attended the Release Orientation Program that covers topics such as: Transitioning to the Community, Adjusting Your Attitude, Reintegrating with Your Family, Managing Your Finances, Applying for a Job. I also work very hard at my institutional job assignment for which I have received positive job reviews consistently as a warehouse worker, and have a good rapport with the Camp administration. There have been no disciplinary issues whatsoever, not even a minor infraction since arriving here. I have availed myself of every opportunity available to be reformed by taking every ameliorating course offered so as to rejoin law-abiding society.

I am currently scheduled for release on 9-20-2026 which will be changed and modified via the First Step Act, which was signed into law by President Donald J. Trump on December 21, 2018. As a result of my clear conduct and all of the Ameliorating programming I have done, I will be released even sooner and placed on Pre-Release Custody. However, under the Second Chance Act of 2007, I am eligible for up to one year (12 months) of pre-release custody, six (6) months in a Residential Re-Entry Center (halfway house) and an additional six (6) months on home confinement. I meet all criteria and eligibility for this program. The months that the BOP will recommend will not be sufficient for me to re-establish myself and be well grounded prior to being sent back into the community. I have already served in excess of 3 years, 10 months and 7 days or approximately 40.7% of my sentence. While at the Residential Reentry Center or on Home Confinement, I will still continue to be under the supervision of the BOP. Many Courts have recognized the need for spending the final 12 months of your sentence in a Residential Reentry Center after having spent such a substantive amount of time incarcerated. In United States V. Washington, No. 00-256, 2004 U.S. Dist. LEXIS 5953, 2004 WL 764184, at *2 (E.D. La Apr. 6, 2004) (Recommending to the Bureau of Prisons that defendant receive home confinement instead of placement in a halfway house); see also 18 U.S.C. Subsection 3621 (b) (4) (providing that the Bureau of Prisons may consider the recommendation of the sentencing court in placing an inmate).

The Second Chance Act of 2007 was passed by the United States Congress to assist inmates such as myself. The BOP typically provide up to a maximum of six (6) months of Residential Re-entry Center placement in order to help you adjust back into the community. The Second Chance Act allows for an additional six (6) months of RRC/Halfway House & Home Confinement in order to assist you in rebuilding your life and getting back on your feet. I have been incarcerated since 2-15-2018, then committed on 9-30-2019 until now and during this time I have reflected on my actions that landed me here and have seen the need to make many serious changes in my life so that I will never again be at risk for recidivism. I wish to express tremendous remorse & contrition and I accept full responsibility for my crime. I also apologize to the Court. Your ruling will in effect send me to the RRC/Halfway House for the final 12 months of my sentence, so that I can begin the transition back into society (During which time I will still continue to be under BOP Custody). I will need this additional time in an RRC in order to rebuild my life after having been incarcerated, be gainfully employed, and re-enter law-abiding society. I would like to participate in Re-entry Court upon release. I have addressed the substance abuse issues that plagued my life prior to coming to prison through educational courses on Drug Education and my involvement in weekly Narcotics and Alcoholics Anonymous.

I have gone to great lengths to ensure that I am not the individual that stood before the Court back on 8-14-2019. I have become fully rehabilitated and a changed man while in custody. I will prove to you, your Honor, that I am not the man who stood before the Court and committed the crime back in April of 2016. I will be an example, someone whom you can tout that successfully rejoined society and went on to do the right thing with the remainder of their life. I am enclosing to you a copy of my educational transcript, which will verify my completion of the classes listed, certificates I have earned, as well as a current time computation sheet and custody classification sheet from the BOP. You will see the tremendous progress that I have made and the effort I put forth in order to change my life. I have a low Pattern Risk Score for recidivism. As stated above, I am at a minimum security camp, where there is not even so much as a perimeter fence.

Courts may order the BOP to consider an inmates request Rodriguez, 541 F.3d at 1187 and District Courts may issue non-binding recommendations that the BOP grant such a request US V. Ceballos, 671 F.3d 852, 855-56 (9th Cir. 2011); accord US V. Ellis, 2017 WL 4641489, at *1 (N.D. Cal. Oct. 17, 2017). In no way should my Motion be interpreted or construed as a Habeas Petition. I do not seek Habeas relief, rather, I seek only the non-binding recommendation permitted under 18 USC Subsection 3621 (B) (4) permitting the BOP to consider any statement by the Court that imposed the sentence...recommending a type of penal or correctional facility as appropriate. As several courts have recognized, a sentencing Court may make a recommendation that a prisoner serve a term of imprisonment in an RRC US V. Collins, 2018 WL 1157508, at *1 (E.D Cal. March 5, 2018); See also US V. Sutherland, 2018 WL 3085169, at *2 (D. Me. June 22, 2018) (Listing Courts that have issued orders recommending release into Residential Re-entry programs).

An inmate's institutional conduct and programming are also an important part of this assessment process, and are considered to determine whether additional RRC time is warranted as an incentive for positive behavior by the inmate under 42 U.S.C. Subsection 17541.

Moreover, Subsection 3621 permits the BOP to consider any statement by the Court that imposed the sentence 18 U.S.C. Subsection 3621 (B) (4) not the Court that happens to sit in the Venue in which the BOP placed the defendant. As this Court sentenced me, it may thus choose to issue this type of recommendation.

I am not bringing a Bivens Action, I seek only a non-binding recommendation under Subsection 3621 (B) (4). My request is for a statement by the Court that imposed the sentence.

By providing me with a judicial recommendation, it will enable me to better integrate back into the community upon my release. I am going to need time to rebuild my life from the ground up and start over. Your recommendation and Order regarding this matter will enable me to move on with my life and contribute back into society in a meaningful way. Additionally, I am enclosing several exhibits which will enable the Court to see Motions which were Granted, including United States V. Otero, U.S. V. Gilliam, U.S. V. Ahmed & U.S. V. Stamps, U.S. V. Spratt and United States V. Phillips. Many Courts have recognized the need for a year in the Halfway House so that reintegration can be seamless back into society.

I pose no threat, risk or danger to the community, as I have the lowest custody classification level possible, community custody. As the Court knows, I am confined at a minimum security federal prison camp, where there is not even so much as a perimeter fence. There is no crime of violence. I will be law biding and adhere to all rules and regulations. I will not be at any risk for recidivism. Your recommendation will be very beneficial to helping me start on a new path.

Your thoughtful consideration of my request is greatly appreciated. Thank you very much for your time and attention to this matter.

Respectfully Submitted this 7th day of November, 2021,


Kimseing Le #71356-019
Federal Prison Camp Yazoo City
P.O. Box 5000
Yazoo City, MS 39194